# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 28, 2022

Lyle W. Cayce
Clerk

No. 21-60481
Summary Calendar

Nely Margarita Hernandez-Lemus,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A203 604 011

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Nely Margarita Hernandez-Lemus, a native and citizen of Guatemala, petitions us for review of a decision of the Board of Immigration Appeals denying her asylum claims. She now argues that the Board incorrectly determined that she was not a member of a particular social group (PSG),

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

that she was not persecuted in the past, and that she does not have an objectively reasonable fear of future persecution.

On petition for review of a BIA decision, this court reviews factual findings for substantial evidence and questions of law de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). The substantial-evidence standard applies to review of decisions denying asylum, withholding of removal, and relief under the Convention Against Torture. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). This standard requires that the BIA's conclusion be based on the evidence presented and that its decision be substantially reasonable. *Id.* Under this standard, reversal is improper unless the evidence compels a contrary conclusion. *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).

We are not compelled to find that Hernandez-Lemus has proven her asylum claims. The BIA did not err in finding that her proposed PSG is not socially distinct. *See Vazquez-Guerra v. Garland*, 7 F.4th 265, 269-70 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022). We also agree that the harm to her family did not constitute persecution of her personally, and that her personal verbal harassment did not rise to the level of persecution. *See Eduard v. Ashcroft*, 379 F.3d 182, 187-88 (5th Cir. 2004). Finally, we are not compelled to find that the record shows a pattern of practice of persecution in this case. *See Zhao v. Gonzales*, 404 F.3d 295, 310 (5th Cir. 2005).

PETITION FOR REVIEW DENIED. MOTION FOR REMAND DENIED.